# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED AYYASH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>HORIZON FREIGHT SYSTEM, INC., DAVID FERRANTE, and TRENT FAIRBANKS, individually,<br><br>    Defendants. | NO. 1:15-CV-10296<br>Honorable Judge Andrea R. Wood<br>Magistrate Judge Geraldine Soat Brown |

## DEFENDANTS' AMENDED REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AND TO DENY CLASS CERTIFICATION

Defendants Horizon Freight System, Inc., David Ferrante, and Trent Fairbanks ("Horizon" or "Defendants"), by counsel, and pursuant to Local Rule 47.1, file their Amended Reply Memorandum in Support of Their Motions To Dismiss. This filing corrects a previous version of this Memorandum, which was missing a signature.

Plaintiff's arguments in his Opposition are unconvincing. Confronted with a straightforward factual and legal basis that effectively eviscerates his claims, Plaintiff spends a significant amount of time discussing federal preemption, a topic that is not raised anywhere in Horizon's Memorandum. Plaintiff also attempts to divert the Court's attention from evidence that is properly before it at this early stage of litigation by arguing that Horizon's factual bases for its motion are premature. But all of the evidence upon which Horizon relies is contained in the Parties' lease agreement -properly before the Court based upon the allegations in Plaintiff's Complaint- and Department of Transportation Regulations, also properly before the Court in a 12(b) motion. Finally, Plaintiff points to no specific facts in his Complaint sufficient to survive a 12(b)(6) motion under the

standards of *Trombley* or *Iqbal*, either with respect to the failure to pay proper wages or individual liability claims.

For these reasons, the Court should grant Horizon's Motion to Dismiss.

## THERE IS AN INSUFFICIENT FACTUAL BASIS IN THE COMPLAINT TO SUPPORT PLAINTIFF'S CLAIM OF EMPLOYEE STATUS

For clarification, the essence of Horizon's argument with respect to independent contractor status under the Fair Labor Standards Acts ("FLSA") is that Plaintiff's Complaint alleges no more driver oversight activities than are mandated for any trucking operation.  As indicated in its Memorandum in Support, this Court has consistently noted that simply doing what the federal Department of Transportation regulations require a trucking company to do with respect to the supervision of its drivers is not enough to establish employee status under federal law. *See* Defendants' Memorandum In Support of Their Motion to Dismiss, Sec. 2, pp.10-19.  To the extent that Plaintiff argues that Horizon is asserting a preemption argument, he is mistaken.

Plaintiff also argues that a 12(b)(6) determination is inappropriate at this point because there are factual issues to be resolved.  But Horizon's Motion does not rely on an improper consideration of evidence that is inadmissible at this point.  Instead, Horizon bases its motion on the Parties' Equipment Lease and Service Agreement (referred to as the "Lease" in Horizon's Memorandum), which is referenced throughout the Complaint, and public records of the Department of Transportation, that are clearly within judicial notice.  *See* 5B Wright & Miller, *Federal Prac. And Pro.* §1357; *Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012).

Moreover, Plaintiff's attempt to distinguish *Central States, Southeast & Southwest Area Pension Funds v. George W. Burnett, Inc.*, 451 F. Supp. 2d 969 (N.D. Ill. 2006) is unpersuasive. With respect to the federal claims, at least, the contractor/employee requirements in *Central States*

properly reflect the appropriate test and provide a sound basis for the determining that Plaintiff is in fact a contractor and not an employee of Horizon. [1]

## PLAINTIFF FAILS TO ALLEGE SPECIFIC
## FACTS THAT SUPPORT HIS CLAIMS

Horizon also challenges Plaintiff's Complaint under Rule 12(b)(6) because it fails to meet the standards enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) for properly pleaded causes of action . For example, Plaintiff fails to demonstrate with any calculations or specifics his allegedly insufficient compensation, even though he admits that he was paid on a per trip basis rather than an hourly basis. He fails to provide any facts relating to actual amounts deducted from his paycheck, the number of hours he worked in a week, or any other details other than his limited and conclusionary allegations. As noted in its Memorandum, Horizon is left guessing at precisely what payroll practices it engaged in that violated either one of the statutes in question. This is not enough to survive a Rule 12b motion under *Iqbal*. *See, e.g.*, *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)( a plausible FLSA claim requires at least an estimate of the length of the average workweek during the applicable period and the average rate at which the plaintiff was paid, the amount of overtime wages he believes he is owed, or any other facts that will permit a court to find plausibility).

## THERE ARE INSUFFICIENT FACTS ALLEGED TO ESTABLISH
## LIABILITY FOR THE INDIVIDUAL DEFENDANTS

Plaintiff asserts claims not only against Horizon as a corporate entity, but against two individual Horizon managers: Ferrante, the president of the company and Fairbanks, the terminal manager and owner of the Channahon Terminal. While Plaintiff makes vague and conclusionary

---

[1] The IWPCA admittedly uses a broader test that the FLSA for determining coverage as an employee, but still does not apply to legitimate independent contractors.

allegations concerning Ferrante and Fairbanks (e.g., they hire drivers, supervise work, implement and enforce rules, decide drivers' schedules and compensation), Plaintiff fails to establish any factual basis for the critical element under both statutes that either gentleman knowingly or willfully aided or countenanced the Horizon corporate entity violating either the IWPCA or the Fair Labor Standards Act. This is a critical omission. *See*, *Andrews v. Kowa Printing Corp.*, 351 Ill. App. 3d 668, 680 (2004).

Officers or agents of the corporation do not meet the definition of employers under the IWCPA without some inference that they assisted or allowed an employer to violate the statute by not properly paying employees. There is no specific allegation regarding either of these individuals' knowledge or abetment of either an IWPCA or FLSA violation.

For example, simply alleging that Ferrante signed the Lease as the president of the company does not allow an inference that he is operating as a day to day manager of wage and earnings payments. No such inference is present in the allegations regarding Fairbanks and his position, either. The cases cited in the Opposition actually stand for pleading requirements that Plaintiff's allegations fail to support, namely that a supervisor "with operational control" could be defined as an employer under the FLSA. But Plaintiff does not allege sufficient detail to establish such operational control. His Complaint simply recites the two individuals' job titles and then lumps them in with the company corporate entity for the remaining allegations. This is not enough. *Andrews*, 351 Ill. App. 3d at 680.

Accordingly, the Court should grant Horizon's Motion to dismiss these individual Defendants.

Finally, Horizon admits that at present there is no pending motion for class certification, although the Plaintiff represents that he is suing on behalf of himself and others similarly situated.

Horizon therefore will request that a ruling on its Motion to Deny Class Certification be deferred until such a question is clearly before the Court.

There is no factual or legal basis in Plaintiff's Opposition to deny Horizon's Motion to Dismiss both the corporate and individual defendants in this case. Horizon requests this Court grant its Motion and provide other relief as proper.

                                                  Respectfully submitted,

                                                  /s/John J. Michels, Jr.
                                                  John J. Michels, Jr.
                                                  ARDC # 6278877
                                                  Lewis, Brisbois, Bisgaard & Smith, LLP
                                                  550 West Adams Street, Suite 300
                                                  Chicago, IL 60661
                                                  T: 312.463.3412
                                                  john.michels@lewisbrisbois.com

                                                  - and -

                                                  Todd A. Gray
                                                  Lewis Brisbois Bisgaard & Smith LLP
                                                  1379 East 9th Street, Suite 1600
                                                  Cleveland, Ohio 44114
                                                  T: 216.344.9422
                                                  todd.gray@lewisbrisbois.com
                                                  *Attorney Admitted Pro Hac Vice*

4839-1771-8061.1

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing AMENDED DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AND TO DENY CLASS CERTIFICATION, was electronically filed using the ECF system, this 9th day of February, 2016, which will send notification of such filing to the following:

Alejandro Caffarelli
Lorrie T. Peters
Alexis D. Martin
Caffarelli & Associates, Ltd.
224 N. Michigan Avenue, Suite 300
Chicago, IL 60604
T: 312-763-6880
acaffarelli@caffarelli.com
amartin@caffarelli.com
lpeeters@caffarelli.com
*Plaintiff's Attorneys*

*/s/ John J. Michels, Jr.*
John J. Michels, Jr.
ARDC # 6278877
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
T: 312.463.3412
john.michels@lewisbrisbois.com

- and –

Todd A. Gray
Lewis Brisbois Bisgaard & Smith LLP
1379 East 9th Street, Suite 1600
Cleveland, Ohio 44114
T: 216.344.9422
todd.gray@lewisbrisbois.com
*Attorney Admitted Pro Hac Vice*

4839-1771-8061.1