UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMMED AYYASH, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:15-CV-10296 |
| v. | Judge Andrea R. Wood |
| HORIZON FREIGHT SYSTEM, INC., DAVID FERRANTE, and TRENT FAIRBANKS, individually | Magistrate Judge Geraldine Soat Brown |
| Defendants. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT *INSTANTER***

The Defendants' Response (D.E. 49) is rife with mischaracterizations – of the Plaintiff's position, of the effect of amendment at this stage, of Defendants' efforts in discovery thus far, of the law applicable to the Court's analysis. As set forth in Plaintiff's Motion, Mr. Ayyash identified Mr. Hafez for the first time, in response to Defendant's June 3 discovery requests. Mr. Hafez, like Mr. Ayyash, claims that Defendants misclassified him as an independent contractor, and that Defendants deducted amounts from his wages without contemporaneous written authorization.[1] As a result, he expressed an interest in joining the lawsuit. As set forth herein, adding Mr. Hafez to the suit at this juncture is appropriate, conserves the Court's and the parties' resources, and does not prejudice the Defendants. In addition, in a scenario where the Court might deny this Motion and then agree with the Defendants' argument that Mr. Ayyash is not an adequate class representative, the putative members of the class would be improperly and severely prejudiced. The Court should grant the Plaintiff's Motion for Leave to Amend.

---

[1] Mr. Hafez does not allege that he was paid less than minimum wage during any workweek, and thus would not be included in the FLSA collective class.

1

**ARGUMENT**

**I.     It is Appropriate for the Court to Grant Leave to Amend**

The parties agree that leave to amend should be freely granted when justice so requires. (D.E. 49, p. 2 (citing Fed. R. Civ. P. 15).) The federal rule prescribes a liberal standard for amendment that "require[s] a district court to allow amendment unless there is a good reason . . . for denying leave to amend." Life Plans, Inc. v. Sec. Life of Denver Ins. Co., 800 F.3d 343,358 (7th Cir. 2015). Indeed, courts in this jurisdiction routinely allow plaintiffs in putative class actions to amend and add additional named plaintiffs, even when the case has been active for several months or even longer. See, e.g., Olech v. Village of Willowbrook, 138 F. Supp. 2d 1036 (N.D. Ill. 2000) (collecting cases); Craft v. Health Care Service Corp., No. 14 C 5853 (N.D. Ill. Mar. 31, 2016) (first amended complaint, adding four named plaintiffs, allowed 11 months after initial filing); Chapman v. Wagener Equities, Inc., No. 09 C 07299, 2012 WL 6214597 (N.D. Ill. Dec. 13, 2012) (second amended complaint, adding a named plaintiff and class representative, allowed 28 months after initial filing). The Defendants have failed to provide any substantiated argument for why the Court should take the extraordinary measure of denying Plaintiff leave to amend in this case.

Similar to their argument in their response to Plaintiff's pending motion to send notice to the opt-in plaintiffs (D.E. 37), wherein Defendants posited that their "template" Ohio choice of law and choice of forum provision (missing from Mr. Ayyash's contract) should preclude bringing any other misclassified or underpaid drivers into this lawsuit, Defendants now argue that Mr. Hafez should not be brought into the pending claim. Yet, in making this argument, Defendants seek to have their cake and eat it too. They want the Court to deny Mr. Ayyash's opt-in motion because every other driver in the putative class is subject to an Ohio choice of law and choice of forum provision. Yet, they characterize Mr. Hafez as being unable to "represent a

class seeking relief under Illinois law," because his contract contains that Ohio provision that Mr. Ayyash's lacked. Specifically, Defendants previously described their Ohio provision as part of "Horizon's template lease that it uses with all of its independent contractor drivers." (D.E. 37, p. 2.) On this basis, alone, the Court should determine that the Ohio choice of law provision is invalid. See Jackson v. Payday Financial, LLC, 764 F.3d 765, 777 (7th Cir. 2014) ("Under Illinois law, a forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. This is true, however, only of agreements reached through arm's-length negotiation between experienced and sophisticated business people; a forum selection clause contained in boilerplate language indicates unequal bargaining power, and the significance of the provision is greatly reduced" (internal citations omitted)).

Defendants further argue, citing an unpublished California case, that the Ohio choice of law provision precludes Mr. Hafez from pursuing a claim under the IWPCA. (D.E. 49, p. 4.) However, allowing the parties to simply contract around a law that embodies a fundamental public policy of the state would render the legislation meaningless, and permit, as is the case here, an employer to evade the significantly greater protections enacted by the Illinois state legislature for its citizens and replace those rights with the legislative prerogatives of any other state that chooses not to afford its citizens those same privileges. Regardless of what Mr. Hafez signed in order to work as a driver for Horizon, he could not as a matter of law agree to apply another state's law, if that meant he would waive his rights under the IWPCA. See O'Brien v. Enotech Construction Serv., Inc., 183 F. Supp. 2d 1047 (N.D. Ill. 2002) (releases under Wage Act are void as a matter of law); Ladegaard v. Hard Rock Concrete Cutters, Inc., No. 00 C 5755, 2001 WL 1403007 (N.D. Ill. Nov. 9, 2001) (same). There is no other reasonable way to interpret the template Ohio choice-of-law provision in the contract, than to see it as a waiver preventing

Mr. Hafez and other Illinois drivers for Horizon from enjoying the protections and remedies afforded by laws such as the IWPCA.

Mr. Ayyash and Mr. Hafez did the exact same work, for the exact same Defendants, in Illinois. They were subject to the same policies and practices, and compensated in the same manner. They each claim that Defendants unlawfully deducted compensation without first obtaining contemporaneous written authorization. Mr. Hafez, like Mr. Ayyash, is an adequate class representative, and in the interest of justice the Court should allow him to join the lawsuit as a named plaintiff. Failure to do so would simply result in Mr. Hafez having no choice but to file his own class action lawsuit in the Northern District of Illinois, which would be identical to Mr. Ayyash's and likely joined thereto, after significant cost to the parties and use of the Court's limited resources.

## II. Effect of the Court's Decision

### a. Amendment Does Not Alter the Court's Analysis on the Pending Motion to Dismiss or the Pending Opt-In Motion

**Exhibit A** is a redlined version of the initial Complaint, to show the changes proposed for the First Amended Complaint. As this makes clear, adding Mr. Hafez changes nothing, substantively, with respect to the nature or scope of the original claims. Mr. Hafez is simply another named plaintiff, with respect to Count I (IWPCA). Because Mr. Hafez does not claim to have received less than minimum wage at any point, he is not intended to act as a named plaintiff with regard to Count II (FLSA) of the First Amended Complaint.

Because the First Amended Complaint is substantively identical to the Complaint, the arguments in Defendants' motion to dismiss (D.E. 16, 18), Plaintiff's response (D.E. 23), and Defendants' reply (D.E. 24) are unchanged. Moreover, as Mr. Hafez is not intended to act as a named plaintiff with respect to the FLSA count, there are no changes to the arguments in

Plaintiffs' opt-in motion (D.E. 28), Defendants' response (D.E. 37), or Plaintiff's reply (D.E. 41). The Court has indicated that decisions on these motions are forthcoming. The addition of Mr. Hafez to the lawsuit should not impact the Court's analysis with respect to those decisions.

### b. Amendment Does Not Unduly Prejudice the Defendants

Defendants have not cited one case from this jurisdiction in support of their argument that amendment under these circumstances is unduly prejudicial to them. In this jurisdiction, "[t]he addition of a new party plaintiff can cause undue prejudice if relevant evidence has been lost or compromised due to the passage of time, or where the proposed amendment does not afford defendant adequate time for discovery." Olech, 138 F. Supp. 2d 1046. Here, Plaintiff has allowed from the time that Mr. Hafez sought to joint he case that he would agree to additional time for discovery, and there is no indication that relevant evidence has been lost or compromised. "While virtually every amendment results in some degree of prejudice to an opposing party because of the potential for additional discovery and trial delay, the prejudice to the Defendants here is not undue." Lyons v. Cook County, No 14 C 6361, 2015 WL 6673901, at *3 (N.D. Ill. Oct. 30, 2015) (citations omitted). This case is similar to Lyons, which allowed the plaintiff to amend, in that the Plaintiff did not delay in seeking to amend the complaint once Mr. Hafez expressed an interest in joining; the motion to amend came over a month prior to the close of class discovery; additional discovery is not anticipated to be extensive; the briefing schedule for the class certification motion does not begin until late September; and Mr. Hafez' allegations encompass the same issues as Mr. Ayyash's, and do not advance any new legal theories. Id. (citing Orlowski v. Dominick's Finer Foods, Inc., 937 F. Supp. 723, 722 (N.D. Ill. 1996).

Defendants' hyperbole regarding the impact of adding Mr. Hafez to the suit simply does not reflect the reality of what has transpired thus far in the case, or the amount of additional discovery that Mr. Hafez' inclusion will necessitate. Discovery in this case is bifurcated, with

the first round of fact discovery related to class certification docketed as closing on August 4. (D.E. 26, 33.) Plaintiffs do not anticipate that they will need to issue supplemental discovery requests, or take any additional depositions, based upon the addition of Mr. Hafez to the case.[2] And because the parties are currently engaged only in class discovery, Defendants discovery requests with respect to Mr. Hafez will be limited. Plaintiff agrees that additional time is warranted in order for Defendants to conduct said discovery.

While Defendants represent that they have "spent the last eight months preparing their defense" based on Mr. Ayyash's status as the sole putative class representative, Plaintiff reiterates that Defendants did not ask to take Mr. Ayyash's deposition until late May, 2016, and did not send discovery requests until early June. Defendants have moreover refused to provide written discovery responses (or documents) relevant to any individuals other than Mr. Ayyash, and did not provide those responses until June 1. See **Exhibit B**, Defendants' Answer to Plaintiff's Interrogatories.

It is simply not credible for the Defendants to argue that the work they have done on the case thus far "will be wasted if they must now begin evaluating a brand new class representative." If that were the case, courts would never allow new parties into pending lawsuits. Mr. Ayyash is still a named plaintiff in the case, and is an adequate class representative as the suit moves forward into the class certification analysis (despite Defendants assertions to the contrary). Adding Mr. Hafez will require a relatively minor amount of discovery, and cause a minimal delay to the current class certification briefing schedule.

---

[2] Plaintiff does not waive his right to pursue complete discovery responses from the Defendants, who thus far have refused to provide written discovery responses or documentation regarding any putative class members.

6

    **c. Denying Plaintiff Leave to Amend May Severely Prejudice the Putative Class Members**

Citing no evidence or authority, Defendants' appear to take for granted that their anticipated arguments regarding Mr. Ayyash's fitness to serve as an adequate class representative will be persuasive. To be clear, Plaintiff does not agree that Mr. Ayyash is an inadequate class representative. As set forth in his Complaint, and as borne out through the discovery process thus far, Mr. Ayyash is an adequate class representative. He and all putative class members were subject to the same practices and policies by the Defendants, and suffered the same type of economic damages as a result of those practices and policies. Plaintiff disagrees that there is any evidence that Mr. Ayyash, in particular, cannot fairly or adequately represent and protect the interests of the Plaintiff Class.

It is, however, abundantly clear from Defendants' Response (as it was from their invasive discovery requests, methodology during Plaintiff's deposition, and previous arguments in other briefs) that Defendants intend to argue that Mr. Ayyash is not an adequate class representative. While Plaintiff disagrees with Defendants' position, this anticipated argument provides another basis for adding Mr. Hafez as a named plaintiff. The failure to do so, coupled with an adverse determination regarding Mr. Ayyash's adequacy as a class representative, would end the claim for all putative class members.

Again failing to cite any case law from this jurisdiction, Defendants argue that because a class has not yet been certified, the putative class members would not be prejudiced if the named plaintiff was disqualified as an adequate class representative. This simply does not align with Seventh Circuit case law. Courts in this jurisdiction have "consistently recognized that unnamed class members have an interest in a lawsuit even before a Rule 23 determination is made that a class action may be maintained on their behalf." Susman v. Lincoln American Corp., 587 F.2d

866, 869 (7th Cir. 1978); see also Culver v. City of Milwaukee, 277 F.3d 908, 913-14 (7th Cir. 2002).  Among other factors, the statute of limitations on putative class members' claims may be tolled from the date of filing of the class action complaint.  American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974).  When class certification is denied (for instance, where there is no adequate class representative), putative class members no longer benefit from the tolling mechanism, and must file their own suits in order to "re-arrest" the statute of limitations.  Culver, 277 F.3d at 914.

The putative class members have an interest in this case, even if certification has not yet been granted.  Defendants' anticipated argument regarding Mr. Ayyash's adequacy is just one more reason why the interest of justice requires the Court to allow a second named Plaintiff, Mr. Hafez, to join the lawsuit at this time.

## CONCLUSION

For the reasons set forth above and in Plaintiff's Motion, Plaintiff respectfully requests this Honorable Court to grant him leave to file his First Amended Complaint *instanter*, and to award any other relief it may deem just and proper.

| | |
|---|---|
| Dated: August 5, 2016 | Respectfully submitted, |
| Alejandro Caffarelli, #06239078<br>Lorrie T. Peeters, #06290434<br>Alexis D. Martin, #06309619<br>Caffarelli & Associates Ltd.<br>224 N. Michigan Ave., Ste. 300<br>Chicago, IL  60604<br>Tel. (312) 763-6880 | Mohammed Ayyash, individually and on behalf of all others similarly situated,<br><br>By: /s/ Lorrie T. Peeters<br>     Attorney for the Plaintiff |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, **Plaintiff's Reply in Support of His Motion for Leave to File First Amended Complaint *Instanter***, to be served upon the party below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on August 5, 2016.

Alan Rupe
Todd Gray
John J. Michels, Jr.
Lewis Brisbois Brisgaard & Smith LLP
550 W. Adams St., Ste. 300
Chicago, IL 60661
Tel. (312) 463-3412

/s/ Lorrie T. Peeters
Attorney for Plaintiff