

FILED
9/20/2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED AYYASH and FADI HAFEZ, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:15-CV-10296 |
| v. | Judge Andrea R. Wood |
| HORIZON FREIGHT SYSTEM, INC., DAVID FERRANTE, and TRENT FAIRBANKS, individually | Magistrate Judge Geraldine Soat Brown |
| Defendants. | |

## FIRST AMENDED COMPLAINT

1. This is an action brought on behalf of current and former Illinois drivers challenging Defendants Horizon Freight System, Inc. ("Horizon") and Trent Fairbanks (collectively referred to as "the Defendants") unlawful practices of misclassifying transportation service drivers as independent contractors instead of as employees, unlawfully deducting amounts from employees' compensation, failing to compensate drivers for all work performed, and failing to pay employees at least minimum wage during each workweek.

2. Plaintiffs Mohammed Ayyash ("Ayyash"), Fadi Hafez ("Hafez") and the group of similarly situated plaintiffs (the "putative class") allege that as a result of the Defendants' misclassification, illegal deductions were made from their wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. § 115/9. Defendants further failed to compensate Ayyash and the members of the putative class for all work performed and at the rates agreed upon by the parties, in violation of the IWPCA. Ayyash further alleges that Defendants failed to pay their employees, nationwide, at least federal minimum wage for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

## THE PARTIES

3. Ayyash is an adult resident of Lockport, Illinois. He provided transportation services for Defendants as a driver in the State of Illinois from approximately September 2014 until approximately October 2015.

4. Hafez is an adult resident of Chicago Ridge, Illinois. He provided transportation services for Defendants as a driver in the State of Illinois from approximately September 2014 until approximately April 2016.

5. Plaintiffs bring this action on behalf of a putative class of similarly-situated individuals, namely, all persons who purported to enter into a Independent Contractor "Equipment Lease and Service Agreement" or similar contract ("Contract") with Horizon, individually or on behalf of another entity, and personally provided services as drivers pursuant to that Contract for Defendants in the State of Illinois (for the IWPCA claims) and elsewhere (for the FLSA collective action) at any time during the relevant statutory period, and who were not classified as employees of Defendants. With regard to the FLSA collective action, the members of the putative class also were not paid at least federal minimum wage for all hours worked.

6. Plaintiffs and the members of the putative class are "employees" of Defendants within the meaning of the IWPCA and FLSA.

7. Defendant Horizon is an Ohio corporation, headquartered in Cleveland, Ohio. Horizon does business in Illinois and operates a facility in Channahon, Illinois. It also does business and employs drivers throughout the United States.

8. Defendant Ferrante is an Ohio resident and is the President of Horizon. He is a signatory to Plaintiff's Contract with Horizon, and upon information and belief to the Contracts of the putative class members as well. Ferrante possesses the authority to, and did, hire and

discipline Horizon drivers; supervise their work; implement and enforce rules; affect the material terms of their work, employment, and compensation; and make or participate in decisions regarding driver schedules and compensation.

9. Defendant Fairbanks is an Illinois resident and works as the Terminal Manager and Terminal Owner of the Channahon location of Horizon. Fairbanks possesses the authority to, and did, hire and discipline Horizon drivers; supervise their work; implement and enforce rules; affect the material terms of their work, employment, and compensation; and make or participate in decisions regarding driver schedules and compensation.

10. Defendants are subject to the provisions of the IWPCA and the minimum wage provisions of the FLSA, and are "employers" within the meaning of those statutes.

## JURISDICTION

11. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

12. The unlawful employment practices described herein were committed within the State of Illinois, at the Defendants' facilities located in Will County. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

13. The Court has personal jurisdiction over Plaintiff and the class he seeks to represent because they are citizens of the State of Illinois and/or work in the State of Illinois.

14. The Court has personal jurisdiction over Defendant Horizon because it does business in the State of Illinois, and its conduct in Illinois underlies all claims in this suit.

## STATEMENT OF FACTS

15. Horizon provides intermodal trucking services to clients nationwide.

16. Plaintiffs and the putative class members were required by Defendants to own or lease a truck and related equipment in order to perform services as drivers for Horizon.

17. Plaintiffs and the putative class members operated their trucks for Horizon under Horizon's Department of Transportation number.

18. Plaintiffs and the putative class members entered into an Equipment Lease and Service Agreement (or substantially similar contract) with Horizon.

19. At all times relevant to this suit, per the contract, the driver's truck and equipment was the property of Horizon and Horizon had exclusive possession, control, and use of the truck and equipment.

20. Although Defendants classify Plaintiffs and the members of the putative class as independent contractors, the behavioral and financial control manifested over the drivers by the Defendants demonstrates that they are in fact the Defendants' employees. Plaintiffs and the putative class are and/or were required: to adhere to the standards and procedures in Defendants' extensive handbook; to check in with Defendants several times throughout the day; to report to facilities maintained by Defendants in Illinois; to turn in daily log sheets; to submit monthly preventative maintenance reports; to obtain Defendants' approval of any drivers of their truck(s); to obtain Defendants' approval to carry any passengers in their truck(s); to submit to supervision by Defendants' management and dispatchers (who had the ability to direct, discipline, and terminate them); to respond to Defendants' dispatch (which gives them instructions); to agree not to secure loads on their own; and to complete and file specific paperwork related to their driving services, generated by or pursuant to Defendants' specifications.

21. Despite any language contained in the Contract, Plaintiffs and the members of the putative class were dependent on Defendants to provide them with schedules, routes, and loads,

4

and were not permitted to make independent determinations regarding their own working hours, working days, or which runs (trips) to do. If Plaintiffs or members of the putative class turned down a load or requested a different load, Defendants had the authority to impose negative repercussions upon the driver, such as refusing to provide future work.

22. Plaintiffs and the putative class members work(ed) full-time for Defendants, and the Contract requires them to own or lease a truck that meets specifications determined by Defendants. The Contract also specifies that the truck shall be used for Horizon's exclusive possession, control, and use only. Plaintiffs and the putative class members were required to display Horizon placards and DOT numbers on their vehicles. Plaintiffs and the putative class members were prevented from earning revenue by use of their trucks except on Horizon business, even when Horizon was not actively dispatching loads to them. If they drove for other companies, Horizon would terminate Plaintiffs and the putative class members immediately.

23. Plaintiffs and the putative class members were required to use their own phones for receiving dispatch, and were required to pay for their own phones. Defendants assigned Plaintiffs and the putative class members their routes and jobs via phone calls, e-mails, and text messages, either the day of or the day before a job was to be completed.

24. Plaintiffs and the putative class members perform(ed) work that is in the usual course of business of Horizon – i.e. they perform(ed) intermodal transportation services as drivers, and Horizon is engaged in the business of providing intermodal transportation services to its customers.

25. Plaintiffs and the putative class members do not have an independently established trade or business in that they do not perform delivery services for anyone else. The drivers are dependent upon Defendants for their work, they do not negotiate with Defendants'

5

customers regarding the rates charged for their services, and they do not contract with Defendants' customers independently. Defendants did not allow Plaintiffs and putative class members to secure their own loads, and Defendants intervened to communicate with its customers in the event of significant issues with their customers' loads.

26. Defendants retain the right to terminate Plaintiffs and the putative class members if Defendants determine that they are not performing their work up to Horizon's standards, or if Defendants determines that they engaged in improper conduct, at the discretion of Defendants.

27. Defendants deduct certain operating expenses directly from Plaintiffs and the putative plaintiffs' checks without authorization at the time such deductions are made, including but not limited to deductions as applicable for operating expenses including truck leases, insurance, fuel, maintenance, repairs, tolls, base plates, lubricants, tires, workers' compensation coverage, phone and communication charges, equipment fees, and administrative costs.

28. Defendants compel Plaintiffs and the putative plaintiffs to incur certain expenses that would normally be borne by an employer, such as for fuel costs and vehicle maintenance and repair costs. These costs might be advanced by Defendants, but would then subsequently be "charged back" to the driver.

29. Defendants frequently deducted such large amounts from Ayyash's and the putative class members' paychecks, that the deductions amounted to over 25% of the total wages owed to the employee in that pay period.

30. Defendants frequently deducted amounts from Ayyash's and the putative class members' paychecks, so much so that in certain weeks, the Ayyash's and upon information and belief members of the plaintiff class were not paid at least federal minimum wage and/or were not paid at all for the hours they worked in any given workweek. Ayyash and upon information

and belief members of the plaintiff class would in certain weeks have a negative balance on their pay statements, and this balance would carry forward to the next pay cycle.

31. When Drivers were assigned jobs, they agreed with the Defendants regarding the pay rate for the job. Frequently, Plaintiffs and upon information and belief the members of the putative class were not compensated for all the jobs that they performed, at the rates promised to them and agreed upon by the parties.

32. Ayyash averaged 50-100 hours per week working for the Defendants. Hafez averaged 50-60 hours per week working for the Defendants. Plaintiffs believe that members of the putative class drove approximately as many hours on a regular weekly basis.

## CLASS ALLEGATIONS

33. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 for and on behalf of the following class (the "Plaintiff Class"):

> All persons who (1) entered into Independent Contractor equipment lease and service agreements or similar contracts to provide services for Horizon Freight Systems, Inc., individually or on behalf of another entity, and (2) personally provided transportation services as drivers pursuant to that agreement and/or contract (3) in the State of Illinois (4) at any time during the relevant statutory period, and (5) who were not classified as employees of the Defendants.

34. The FLSA collective action will include:

> All persons who (1) entered into Independent Contractor equipment lease and service agreements or similar contracts for to provide services for Horizon Freight Systems, Inc., individually or on behalf of another entity, and (2) personally provided transportation services as drivers pursuant to that agreement and/or contract (3) nationwide (4) at any time during the relevant statutory period, (5) who were not classified as employees of the Defendants, and (6) who at any time were not paid at least the federal minimum wage for all hours worked.

35. The members of the class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs believe that the Plaintiff Class numbers between fifty and one hundred individuals over the statutory timeframe.

7

36. Common issues of law and fact predominate the claims of the entire Plaintiff Class. Specifically, all claims are predicated on a finding that Defendants misclassified their drivers as independent contractors when they were in fact employees, and made the same types of deductions and pay shortages to all drivers. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

37. The named Plaintiffs are an adequate representative of the class because all potential plaintiffs were subject to Defendants' uniform practices and policies. Further, the named Plaintiffs and the potential class plaintiffs have suffered the same type of economic damages as a result of Defendants' practices and policies.

38. Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

39. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be unjust and inequitable.

### COUNT I – Illinois Wage Payment and Collection Act
### (Class Action on behalf of Illinois drivers against Defendants)

40. Plaintiffs incorporate and re-allege paragraphs 1 through 39 as though fully set forth herein.

41. Defendants violated the IWPCA, 820 Ill. Comp. Stat. 115/1 *et seq.*, by failing to properly compensate Plaintiffs and the members of the putative class for all hours worked at the rate agreed upon by the parties.

42. Defendants violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiffs' and the putative class members' pay.

43. Defendants violated the IWPCA, 820 Ill. Comp. Stat. § 115/9, by routinely deducting greater than 25% of the net amount of Ayyash's and the putative class members' payments.

44. Plaintiffs, on behalf of themselves and the putative class members, seek all unpaid wages as well as reimbursement for all unlawful deductions taken by Defendants from their and the putative class members' pay.

WHEREFORE, Plaintiffs respectfully request that this Court enter the following relief:

a) Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

b) Appointing Named Plaintiffs as a Class Representative and his Counsel as Class Counsel;

c) Entering an injunction precluding Defendants from violating the IWPCA;

d) Restitution for all deductions taken from Plaintiff's and the Class' pay;

e) Restitution for all of Defendants' operating expenses that Plaintiffs and the Class were forced to bear;

f) Statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

g) Prejudgment interest;

h) Attorney's fees and costs; and

i) Any other relief to which the Plaintiffs and the Class members may be entitled.

## COUNT II – Fair Labor Standards Act
**(National Collective Action including all Drivers Nationwide, against Defendants)**

45. Plaintiffs incorporate and re-allege paragraphs 1 through 39 as if fully set forth herein.

46. This Count arises from the Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Ayyash and members of the putative class at least the minimum wage for all hours worked.

47. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206-207. The Plaintiffs attaches as Ex. A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

48. At any and all times relevant hereto, Defendants were, and still are, an "enterprise engaged in commerce" as defined by Section 3(s) of the Fair Labor Standards Act, 29 U.S.C. § 203(s).

49. Defendants were at all relevant times, and still are, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. All past and present drivers for Defendants who as a result of unlawful deductions as described herein were not paid at least the minimum wage rate for all hours worked are similarly situated to the Ayyash, in that Defendants applied their compensation policies, which violate the FLSA, on a company-wide basis for at least all members of the putative class.

51. At any and all times relevant hereto, Plaintiffs and members of the putative class were "employees" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

52. Plaintiffs and the members of the putative class are entitled by statute to compensation at a regular rate not less than the federal minimum wage for each hour worked during the three (3) years preceding the filing of this action.

53. Defendants, through their practice of deducting amounts from the paychecks of Ayyash and the members of the putative class, failed to compensate their employees at a rate equal to at least the federal minimum wage for each hour worked in certain weeks.

54. Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendants' failure to pay its employees at least the federal minimum wage for all hours worked is an intentional violation of the FLSA.

55. Defendants' acts, as described in this Count, were not based upon good faith or reasonable grounds.

56. As a direct and proximate result of Defendants' actions, back wages and liquidated damages are due to Ayyash and the members of the putative class.

57. Ayyash's experiences are typical of the experiences of the putative class members, as set forth above.

58. For all members of the putative class to become fully aware o their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire putative class, as well as additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

59. The members of the putative class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs respectfully request that the Court enter the following relief:

a) Entering an injunction precluding Defendants from violating the FLSA;

b) Back pay equal to the amount of all unpaid minimum wages for the three (3) years preceding the filing of this Complaint;

c) Liquidated damages equal to the amount of unpaid back wages pursuant to 29 U.S.C. § 216(b);

d) Prejudgment interest with respect to the total amount of unpaid minimum wage compensation;

e) Attorney's fees and costs incurred as a result of the Defendants' violation of the Fair Labor Standards Act; and

f) Any other relief to which the Plaintiffs and the putative class members may be entitled.

Dated: July 12, 2015                                Respectfully submitted,

Alejandro Caffarelli, #06239078                     Mohammed Ayyash and Fadi Hafez,
Lorrie T. Peeters, #06290434                        individually and on behalf of all others similarly
Alexis D. Martin, #06309619                         situated,
Caffarelli & Associates Ltd.
224 N. Michigan Ave., Ste. 300                      By: /s/ Alejandro Caffarelli
Chicago, IL  60604                                       Attorney for the Plaintiff
Tel. (312) 763-6880

# Group Exhibit A

### NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by _Horizon Freight System_ within the prior three (3) years, that I have worked for the company in excess of forty (40) hours in individual work weeks, and have not been paid all of the wages owed to me pursuant to 29 U.S.C. 206 and 207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: _Mohammed Ayyash_ (print your name)

My address is: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (street address)

_Lockport, IL. 60441_ (city, state, zip code)

My telephone phone number is: _____ (home)

_314-_ ▮▮▮▮▮▮ (cellular)

Signature: _/s/_

Date on which I signed this Notice: _10-15-15_
(today's date)

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by _Horizon Freight System_ within the prior three (3) years, that I have worked for the company in excess of forty (40) hours in individual work weeks, and have not been paid all of the wages owed to me pursuant to 29 U.S.C. 206 and 207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

My name is: __Fadi Hafez__ (print your name)

My address is: _____ (street address)

__Chicago Ridge, IL 60415__ (city, state, zip code)

My telephone phone number is: __708-_____ (home)

_____ (cellular)

Signature: __FADi HAFEZ__

Date on which I signed this Notice: __7-4-16__
(today's date)