**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOHAMMED AYYASH, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>HORIZON FREIGHT SYSTEM, INC., DAVID FERRANTE, and TRENT FAIRBANKS, Individually )<br><br>Defendants. ) | **Case No. 1:15-cv-10296**<br><br>**Honorable Andrea R. Wood**<br><br>Magistrate Judge Geraldine Soat Brown |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

COME NOW Defendants, by and through their counsel of record, and move the Court to dismiss the claims of Plaintiff Fadi Hafez based upon the doctrine of *forum non conveniens* because Hafez's claims are subject to a valid and enforceable forum-selection clause.

**INTRODUCTION**

Courts do not mince words when describing how difficult it is to overcome a forum-selection clause. Forum selection clauses are "given controlling weight" and "will be enforced" except in "unusual" and the "most exceptional cases." The plaintiff's choice of forum "merits no weight," while the chosen forum set forth within the forum-selection clause "deserves deference." The plaintiff's private interests supporting his chosen forum are irrelevant, and even public interest factors "will rarely defeat a transfer motion." The parties' selected forum – in this case, a state court in Cleveland – must be so inconvenient as to "afford no remedy at all" and essentially "deprive litigants of their day in court." Because Plaintiff can pursue relief in the parties' chosen forum, the

1

claims he has brought before this Court in contravention of the parties' agreement should be dismissed.

## FACTUAL OVERVIEW

Defendant Horizon Freight System, Inc. is an Ohio corporation headquartered in Cleveland that provides intermodal trucking services to clients nationwide. Amended Complaint, Doc. 58, ¶¶ 7, 15. Plaintiff Fadi Hafez provided transportation services to Horizon Freight as an independent contractor. *Id.* at ¶¶ 4, 5. He and Horizon entered an "Equipment Lease and Service Agreement," which governed the parties' relationship. *Id.* at ¶ 5. The Agreement contains the following choice of law provision and venue selection clause:

<u>Governing Law, Consent to Jurisdiction</u>

All questions concerning the validity, intention, or meaning of this Agreement, or relating to performance or breach under the Agreement shall be construed and resolved in accordance with the laws of the State of Ohio and applicable federal law. Each party hereby designates the Court of Common Pleas of Cuyahoga County, Ohio as the court of proper jurisdiction and venue of and for any and all legal proceedings relating to this Agreement, hereby unequivocally consents to such designation, jurisdiction and venue, hereby waives any objections or defenses relating to the jurisdiction or venue with respect to any legal proceedings initiated in, or transferred to, the Court of Common Pleas of Cuyahoga County, Ohio.

Exhibit A, "Equipment Lease and Service Agreement Between Contractor and Carrier," 18; Amended Complaint, Doc. 58, pp. 2, pp. 4, 5, ¶¶ 5, 18 (referencing the agreement).

## ARGUMENT AND AUTHORITIES

A "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.,* 134 S. Ct. 568, 581 (2013). Where a forum-selection clause specifies a particular venue with "mandatory or obligatory language, the clause will be enforced." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH,*

2

972 F.2d 753, 757 (7th Cir. 1992). A plaintiff therefore has a heavy burden to make a "strong showing" that the forum-selection clause is invalid. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S. Ct. 1907 (1972).

When a valid forum-selection clause calls for a non-federal forum – as here, the Court of Common Pleas of Cuyahoga County, Ohio – the Court's inquiry is governed by the doctrine of *forum non conveniens. Robrinzine v. Big Lots Stores, Inc.,* No. 15-cv-7239, 2016 U.S. Dist. LEXIS 82302, at \*\*16-17 (N.D. Ill. June 24, 2016) (*citing Atlantic Marine,* 134 S. Ct. at 580). The *forum non conveniens* analysis generally calls for a two-step inquiry. First, the Court should consider whether the alternative forum is both "available and adequate." *Id.,* 2016 U.S. Dist. LEXIS 82302, at \*18 (*citing Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund,* 589 F.3d 417, 421 (7th Cir. 2009)). Second, "[i]f an adequate forum exists, the district court should consider whether a *forum non conveniens* dismissal would serve the private interests of the parties and the public interests of the alternative forums." *Id.* (*citing Stroitelstvo Bulgaria,* 589 F.3d at 424-25).

But a forum-selection clause modifies the *forum non conveniens* analysis in significant ways. When a forum-selection clause applies, the plaintiff's choice of forum "merits no weight." *Atlantic Marine,* 134 S. Ct. at 581. Only the choice of forum selected by the parties by way of the forum-selection clause "deserves deference." *Id.* at 582. Any factors in a typical forum analysis affecting only the plaintiff's private interests are irrelevant. *Id.* And even public interest factors "will rarely defeat a transfer motion" – "forum-selection clauses should control except in unusual cases." *Id.*

I.  **The Forum Selection Clause in the Parties' Contract is Valid.**

The parties' forum-selection clause is valid and enforceable. Pursuant to an Ohio choice of law provision, the enforceability of the parties' forum-selection clause is governed by Ohio law.

3

*Jackson v. Payday Fin., LLC,* 764 F.3d 765, 775 (7th Cir. 2014) ("In contracts containing a choice of law clause, therefore, the law designated in the choice of law clause would be used to determine the validity of the forum selection clause."). The Ohio Supreme Court has explained that Ohio law is generally in accord with federal law in relation to forum-selection clauses, requiring a "strong showing" that such a clause should be set aside:

> In the light of present-day commercial realities, it has been stated that a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. *The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513, 523. The high court in *The Bremen* also opined that such forum selection clauses in the commercial contract context should be enforced, unless it is clearly shown that enforcement would be unreasonable and unjust, or that the clause was invalid as being a product of fraud or overreaching. *Id.*

*Kennecorp Mortgage Brokers v. Country Club Convalescent Hosp,* 610 N.E.2d 987, 989, 66 Ohio St. 3d 173, 175 (Ohio 1993). *The Bremen,* cited by the Ohio Supreme Court in *Kennecorp,* "bur[ied] the outmoded judicial hostility to forum selection clauses." *Northwestern Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 375 (7th Cir. 1990). In light of *The Bremen,* federal courts "treat a forum selection clause basically like any other contractual provision and hence [ ] enforce it unless it is subject to any of the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract, or unless it does not mean what it seems to mean – unless, in other words, properly interpreted it is not a forum selection clause at all." *Id.; see also IFC Credit Corp. v. Aliano Bros. Gen. Contrs., Inc.,* 437 F.3d 606, 609 (7th Cir. 2006) ("If the issue of the validity of the forum selection clause is governed by federal law, [the party that was seeking to set it aside] hasn't a chance.").

Against this backdrop of presumed enforceability, Ohio courts consider three factors in evaluating the enforceability of a forum-selection clause: (1) the commercial nature of the contract,

4

(2) the absence of fraud or overreaching, and (3) whether enforcement of the forum-selection clause would otherwise be unreasonable or unjust. *Information Leasing Corp. v. Jaskot,* 784 N.E.2d 1192, 1995-96 (Ohio Ct. App. 2003). All three of these factors favor enforcing the parties' forum-selection clause. As to the first factor, the parties' agreement is a commercial contract governing Hafez's transportation of cargo on behalf of Horizon's customers. The contract is clearly commercial in nature, and it is immaterial that Hafez contracts with Horizon as a sole proprietor rather than through a business entity. *Id.* at 1195-96 ("It is immaterial that Jaskot is a sole proprietor. Unlike a consumer who enters into a contract with a commercial entity, Jaskot is presumed to have some experience in contractual and business matters.").

As to the second and third factors, there is no evidence of fraud or overreaching and nothing about enforcement of the forum-selection clause would be unreasonable or unjust. There is no "unrebutted evidence that the clause was the product of fraud in the inducement." *Id.* at 1196. Similarly, Plaintiff Hafez cannot even begin to show that Ohio state court "is so inconvenient as to, in effect, afford no remedy at all, thus depriving [him] of [his] day in court." *Id.* at 1196-97. Because the parties' forum-selection clause is presumptively valid and nothing renders it unenforceable, a *forum non conveniens* analysis is appropriate.

## II. The Court of Common Pleas of Cuyahoga County, Ohio is an Available and Adequate Forum.

The first question in a *forum non conveniens* analysis is whether the parties' chosen forum is "available and adequate." *Robrinzine,* 2016 U.S. Dist. LEXIS 82302, at *18 (*citing Stroitelstvo Bulgaria,* 589 F.3d at 421). Here, the parties' forum-selection clause mandates the Court of Common Pleas of Cuyahoga County, Ohio. Within Ohio, Courts of Common Pleas are simply state

trial courts with general jurisdiction over civil claims. *State ex rel. Shumaker v. Nichols,* 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630, 634 (2013) ("a court of common pleas has general jurisdiction over civil cases," pursuant to the Ohio Constitution, Article IV, Section 4(B)). The Court of Common Pleas of Cuyahoga County, Ohio is located in Cleveland, Ohio, http://cp.cuyahogacounty.us/internet/Contact.aspx, which is also where Horizon Freight is headquartered. Amended Complaint, Doc. 58, p. 2, ¶ 7. An Ohio state court is an available and adequate forum. *See Eaton Corp. v. Westport Ins. Corp.,* 2016 U.S. Dist. LEXIS 73291, at \*\*5-6 (E.D. Wisc. June 6, 2016) (finding, within the context of a *forum non conveniens* analysis that "the state court in Cleveland, Ohio" is both available and adequate); *Brice v. C.R. England, Inc.,* 278 F. Supp. 2d 487, 489-90 (E.D. Pa. 2003) (dismissing on basis of *forum non conveniens* and finding that Ohio state court provided available and adequate forum).

**III.   The Parties' Chosen Forum Should Control.**

There is a "strong presumption" in favor of enforcing a mandatory and valid forum selection clause, which "can be overcome ... only if there is inconvenience to some third party ... or to the judicial system itself, as distinct from inconvenience to the party seeking [to avoid the clause]." *IFC Credit Corp. v. Aliano Bros. Gen'l Contractors, Inc.,* 437 F.3d 606, 613 (7th Cir. 2006). Plaintiff's initial disclosures pursuant to Fed. R. Civ. P. 26(a) do not specifically identify a single third-party witness, much less one who would be forced to travel from Chicago to Cleveland if ultimately called to testify at trial. *See* Exhibit B. Plaintiffs, who have failed to disclose a single third-party witness, cannot now claim that third parties will be inconvenienced by potential travel. Nothing remotely suggests that enforcement of the parties' forum-selection clause would be inconvenient for third parties or the judicial system itself.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request the Court dismiss the claims of Plaintiff Fadi Hafez without prejudice to refiling in the Court of Common Pleas of Cuyahoga County, Ohio.

>Respectfully submitted,
>
>**s/ Alan L. Rupe**
>Alan L. Rupe, *pro hac vice*
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>1605 N. Waterfront Parkway, Suite 150
>Wichita, Kansas 67206
>Telephone: (316) 609-7900
>Facsimile: (316) 462-5746
>alan.rupe@lewisbrisbois.com
>
>Todd A. Gray, *pro hac vice*
>LEWIS BRISBOIS BISGAARD & Smith LLP
>1375 East 9th Street, Suite 1600
>Cleveland, Ohio 44114
>Telephone: (216) 344-9422
>todd.gray@lewisbrisbois.com
>
>John J. Michels, #6278877
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>550 West Adams Street, Suite 300
>Chicago, Illinois 60661
>Telephone: (312) 463-3412
>john.michels@lewisbrisbois.com
>*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2016, I electronically filed the above forgoing with the Clerk of the court by using the CM/ECF system which sent notifications of such filings to the following:

    Alejandro Caffarelli, #06239078
    Lorrie T. Peeters, #06290434
    Alexis D. Martin, #06309619
    CAFFARELLI & ASSOCIATES, LTD.
    224 North Michigan Avenue, Suite 300
    Chicago, Illinois 60604

                                                  **/s/ Alan L. Rupe**
                                                  Alan L. Rupe, *pro hac vice*