IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMMED AYYASH and <br> FADI HAFEZ, <br>       Plaintiffs, <br>       v. <br> HORIZON FREIGHT SYSTEM, INC., et al., <br>       Defendants. | No. 15-cv-10296 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mohammed Ayyash and Fadi Hafez worked as drivers for Defendant Horizon Freight System, Inc. ("Horizon"). They have brought this putative class action alleging that Horizon, its president David Ferrante, and its terminal manager and owner Trent Fairbanks (collectively, "Defendants") incorrectly classified drivers as independent contractors rather than employees, made unlawful deductions from drivers' paychecks, failed to pay drivers for all work performed, and paid drivers less than minimum wage. Before the Court is Defendants' motion to dismiss Hafez's claims pursuant to the doctrine of *forum non conveniens*, in which Defendants' argue that Hafez's claims should be litigated in the Court of Common Pleas of Cuyahoga County, Ohio, pursuant to the forum-selection clause in his agreement with Horizon. For the reasons discussed below, the motion is granted.

### BACKGROUND

As alleged in the First Amended Complaint ("FAC"), Horizon is a nationwide provider of trucking services headquartered in Ohio. (FAC ¶¶ 7, 15, Dkt. No. 58.) Ferrante, Horizon's president, also resides in Ohio. (*Id.* ¶¶ 7, 8.) In addition, Horizon has a facility in Illinois, where Fairbanks works as the terminal manager and owner. His position involves, among other duties,

hiring and disciplining Horizon drivers, supervising their work, and making and enforcing rules. (*Id.* ¶¶ 7, 9.)

Ayyash and Hafez, both residents of Illinois, worked as drivers for Horizon. (*Id.* ¶¶ 3, 4.) Their agreements with Horizon specify that they were independent contractors even though, according to Ayyash and Hafez, they were actually Horizon's employees. (*Id.* ¶ 1.) Ayyash and Hafez also allege that Defendants deducted certain operating expenses from their pay without authorization. Those deductions included expenses associated with truck leases, insurance, fuel, maintenance, repairs, tolls, base plates, lubricants, tires, workers' compensation coverage, phone and communication charges, equipment fees, and administration. (*Id.* ¶ 27.) Some of the expenses should have been borne by their employer. (*Id.* ¶ 28.) The deductions were so large that they would sometimes amount to over 25% of Ayyash's total wages. (*Id.* ¶ 29.) As a result, Ayyash was paid less than a federal minimum wage or was not paid for all the hours he worked. (*Id.* ¶ 30.)

This action was originally brought only by Ayyash, individually and on behalf of a class of similarly-situated plaintiffs. Hafez was added as a plaintiff in the FAC, which is now the operative complaint. The FAC asserts claims by Ayyash and Hafez (again, individually and on behalf of a putative class of similarly-situated plaintiffs) under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, arising from Defendants' allegedly illegal deductions. Ayyash also claims that Defendants violated the IWPCA by failing to compensate him for all work performed at the rates agreed upon by the parties, and he has brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging that Defendants failed to pay at least federal minimum wage for all hours worked.

Although both are named as plaintiffs in this action, Ayyash's and Hafez's agreements with Horizon differ. Unlike Ayyash, Hafez has a forum-selection clause in his agreement, which

designates the Court of Common Pleas of Cuyahoga County, Ohio as the sole forum for any and all legal proceedings related to that agreement. (*See* Dkt. No. 37 at 2; Ex. A to Mot. to Dismiss at 6, Dkt. No. 64-1.) That forum-selection clause is the subject of the present motion.

## DISCUSSION

The doctrine of *forum non conveniens* permits a court, in its discretion, to dismiss an action over which it would normally have jurisdiction when there is an adequate alternative forum in which the case may be more conveniently heard. *Kamel v. Hill–Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). Typically, a *forum non conveniens* analysis involves two steps. First, an adequate alternative forum must be available to hear the case. *Id.* at 802. If this threshold condition is satisfied, the Court must then weigh the private interests of litigants and the public interests of the forum to determine whether a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice. *See id.*; *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). The private interest factors include the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining such attendance, the possibility of viewing relevant premises, and "all other practical problems that make a trial easy, expeditious and inexpensive." *Atl. Marine Const. Co.*, 134 S. Ct. at 581 n.6. Public interest factors include administrative difficulties flowing from court congestion, local interest in having localized controversies decided at home, and the interest in having a trial in a forum that is at home with the law. *Id.* The Court must also give some weight to the plaintiffs' choice of forum. *Id.* The burden is on the defendants to demonstrate that on balance the factors weigh in favor of dismissal. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007).

The *forum non conveniens* analysis changes, however, when the parties' contract contains a valid forum-selection clause, because the clause represents the parties' agreement on the proper forum and thus its enforcement protects the parties' legitimate expectations and furthers vital interests of the justice system. *Atl. Marine Const. Co.*, 134 S. Ct. at 581. Importantly, under those circumstances, the plaintiff's choice of forum merits no weight. Instead, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* The Court should not consider the parties' private interest factors and instead must deem those factors to weigh entirely in favor of the preselected forum. *Id.* at 582. Therefore, the Court may only consider arguments about public interest factors. *Id.* And because public interest factors will rarely be determinative, the practical result is that forum-selection clauses should control except in unusual cases. *Id.*

## I. Forum-Selection Clause in Hafez's Agreement with Horizon

Turning to the forum-section clause in Hafez's agreement with Horizon, the relevant provision is found in Section 18 of the agreement. It provides:

> Governing Law, Consent to Jurisdiction
>
> All questions concerning the validity, intention, or meaning of this Agreement, or relating to performance or breach under the Agreement shall be construed and resolved in accordance with the laws of the State of Ohio and applicable federal law. ***Each party hereby designates the Court of Common Pleas of Cuyahoga County, Ohio as the court of proper jurisdiction and venue of and for any and all legal proceedings relating to this Agreement***, hereby unequivocally consents to such designation, jurisdiction and venue, hereby waives any objections or defenses relating to the jurisdiction or venue with respect to any legal proceedings initiated in, or transferred to, the Court of Common Pleas of Cuyahoga County, Ohio.

(Ex. A to Mot. to Dismiss at 6, Dkt. No. 64-1 (emphasis added).) The parties disagree on what law governs the validity of this forum-selection clause. Defendants argue that its validity must be determined according to Ohio law, *i.e.*, the law designated in the choice of law clause of Hafez's

agreement.[1] Plaintiffs, on the other hand, argue that the choice-of-law provision in Hafez's agreement with Horizon is invalid and therefore Illinois law applies.[2] A third option would be to determine the validity of the forum-selection clause according to federal common law. This Court need not resolve the choice-of-law issue for present purposes, however. As explained below, the forum-selection clause is valid regardless of whether federal, Ohio, or Illinois law applies.

        A.        **Validity of Forum-Selection Clauses under Federal, Illinois, and Ohio Law**

Under federal law, a forum-selection clause is presumed to be valid—to overcome this presumption, the opposing party must show that the clause is "unreasonable under the circumstances." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993). Courts construe this "unreasonable under the circumstances" exception narrowly. *Id.* A clause is "unreasonable" if its incorporation into a contract was the result of fraud, undue influence, or overwhelming bargaining power, if the selected forum is so gravely inconvenient that the opposing party will be deprived of

---

[1] In support of their position, Defendants cite *Jackson v. Payday Financial, LLC*, 764 F.3d 765 (7th Cir. 2014), in which the Seventh Circuit acknowledged that while some courts apply federal law to determine the enforceability of a forum-selection clause in diversity cases, this Circuit follows a different approach under which the validity of a forum-selection clause is determined "by reference to the law of the jurisdiction whose law governs the rest of the contract in which the clause appears, rather than making the court apply two different bodies of law in the same case." *Id.* at 774–75. Thus, the law designated in the choice-of-law clause determines the validity of the forum-selection clause. *Id.* at 775. But Defendants do not explain why *Jackson* would apply to a non-diversity case, such as the present case—especially in light of *Bonny v. Society of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993), a federal-question jurisdiction case in which the Seventh Circuit applied federal law to determine the validity of the forum-selection clause in the contract, even though it also contained a choice-of-law provision. *See Jackson*, 764 F.3d at 776 (acknowledging that the *Bonny* court applied federal law for determining the validity of a forum-selection clause). Defendants also do not explain why, even if *Jackson* applies, Ohio law would necessarily govern the validity of the forum-selection clause, when the choice-of-law clause in Hafez's agreement also references federal law. (*See* Ex. A to Mot. to Dismiss at 6 ("All questions concerning the validity . . . of this Agreement . . . shall be construed and resolved in accordance with the laws of the State of Ohio and applicable federal law.").)

[2] Hafez also cites *Jackson*, but for its holding that because the choice-of-law clause was invalid, Illinois law governed the validity of the forum-selection provision. 764 F.3d at 777.

its day in court, or if enforcement of the clause contravenes a strong public policy of the forum. *Id.*

Illinois courts analyze forum-selection clauses in a similar manner. Such clauses are presumptively valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. *Calanca v. D & S Mfg. Co.*, 510 N.E.2d 21, 23 (Ill. App. Ct. 1987). To be unenforceable, a forum-selection clause must contravene the strong public policy of the forum, or the chosen forum must be seriously inconvenient for the trial of the case. *Id.* However, a forum-selection clause contained in boilerplate language indicates unequal bargaining power, and its significance is reduced. *See Williams v. Ill. State Scholarship Comm'n*, 563 N.E.2d 465, 487 (Ill. 1990); *see also IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 389 (Ill. App. Ct. 2007). To determine whether a forum-selection clause is unreasonable, Illinois courts look at the following factors: (1) the law governing the formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and performance of the contract; (4) the location of the parties and witnesses; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for. *Calanca*, 510 N.E.2d at 23–24.

Under Ohio law, a forum-selection clause in a commercial contract between business entities is upheld, "so long as [its] enforcement does not deprive litigants of their day in court." *Kennecorp Mortg. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, 610 N.E.2d 987, 989 (Ohio 1993). Thus, "absent evidence of fraud or overreaching, a forum[-]selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." *Id.* However, when it comes to a forum-selection clause in an employment contract, the law is less

settled. *See Zilbert v. Proficio Mortg. Ventures, L.L.C.*, No. 100299, 2014 WL 1776004, at *5 (Ohio App. Ct. May 1, 2014); *see also IntraSee v. Ludwig*, Nos. 10CA009916, 11CA010024, 2012 WL 2236609, at *2 (Ohio App. Ct. June 18, 2012). Generally, a forum-selection clause in an employment contract will be enforced unless the opposing party establishes that enforcement would violate a strong public policy of the forum, the clause is the result of fraud or overreaching, or enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *Zilbert*, 2014 WL 1776004, at *4. Like Illinois courts, Ohio courts look at the following factors to determine if a forum is unreasonable: (1) the law controlling the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) where the witnesses and parties are located; and (5) whether the forum clause's designated location is inconvenient to the parties. *Id.* at *5; *see also Original Pizza Pan v. CWC Sports Grp., Inc.*, 954 N.E.2d 1220, 1223–24 (Ohio App. Ct. 2011).

### B.      Whether the Forum-Selection Clause Violates Public Policy

Plaintiffs argue that the choice-of-law clause in Hafez's agreement with Horizon is unenforceable as against Illinois public policy because the clause essentially waives Hafez's rights under the IWPCA.[3] Hence, according to Plaintiffs, the forum-selection clause in Hafez's agreement is unenforceable because it is part of the same non-severable contract as the allegedly unenforceable choice-of-law clause. In support of this argument, Plaintiffs cite three cases—all of which address express waivers and thus none of which are persuasive here.

For example, in *O'Brien v. Encotech Construction Services, Inc.*, 183 F. Supp. 2d 1047, 1048 (N.D. Ill. 2002), after an unsuccessful settlement conference, the employer-defendant called employees into the office and asked them to sign a release of claims arising under the FLSA, the

---

[3] Hafez makes clear that he does not intend to argue that ***every*** choice of law provision is unenforceable, but rather that the specific provision in his agreement is invalid because Ohio law does not offer substantially-similar protections or remedies as does the IWPCA.

7

Illinois Minimum Wage Law, and the IWPCA in return for monetary compensation. *Id*. The *O'Brien* court found such releases void. *Id.* at 1052. Likewise, the release at issue in *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00-cv-5755, 2001 WL 1403007, *1 (N.D. Ill. Nov. 9, 2001), fully released the defendant from any claims under the FLSA, the Illinois Minimum Wage Law, and the IWPCA. The defendant raised an affirmative defense based on those releases. But the *Ladegaard* court struck the defense, holding that the releases were void as a matter of law. *Id.* at *7. *Lewis v. Giordano's Enterprises, Inc.*, 921 N.E.2d 740 (Ill. App. Ct. 2009), also dealt with express releases of claims arising under the Illinois Minimum Wage Law and the IWPCA. Those releases were circulated by the defendants while the motion for class certification was pending in front of the court; the court held that the releases were void. *Id.* at 742, 753. In short, none of the cases that Plaintiffs cite supports the general proposition that a choice-of-law clause is invalid as violating public policy if it designates a law other than Illinois law (such as Ohio law).

To the contrary, several courts have upheld choice-of-law clauses in suits arising under the IWPCA. For example, in *Cornell v. BP America Inc.*, No. 14 C 2123, 2015 WL 5766931, at *4 (N.D. Ill. Sept. 30, 2015), the plaintiff argued that the choice-of-law provision in his benefits agreement, which designated English law, could not apply because an employee could not waive or release his rights under the IWCPA. The *Cornell* court rejected that argument, distinguishing the case from *O'Brien* and *Ladegaard* as there was no express waiver involved in the case and the plaintiff had provided no basis for the court to conclude that English law would not allow the plaintiff to bring an IWPCA claim. *Id.* at *5. Likewise, in *Lubinski v. Hub Group Trucking, Inc.*, No. 214CV02843JPMDKV, 2015 WL 10732716, at *3 (W.D. Tenn. Sept. 22, 2015), the plaintiff argued that a choice-of-law clause designating Tennessee law violated the public policy behind the IWPCA. But the *Lubinski* court rejected the argument, stating that "[w]hile it is clear that

under Tennessee law, Plaintiff would not have a claim for IWPCA violations, whereas he would have a claim in Illinois, Plaintiff [was] not without recourse," as Tennessee common law permitted unjust enrichment claims and the plaintiff could also bring claims under the FLSA. *Id.* at *4.

Moreover, the Illinois Department of Labor appears to view choice-of-law clauses designating non-Illinois law as enforceable—the Department's web-site informs visitors that an employee may not have a claim "[i]f the employment contract has a 'choice of law' clause requiring [the employee] to bring all claims in a state other than Illinois." *Wage Payment and Collection Act FAQ*, Illinois Department of Labor, https://www.illinois.gov/idol/FAQs/Pages/wage-payment-faq.aspx (last visited November 14, 2018). Hence, Plaintiffs' argument that the forum-selection clause is invalid because the choice of law clause violates public policy must fail.

### C. Unequal Bargaining Power and Lack of Ties to Ohio

Plaintiffs next argue that regardless of the validity of the choice-of-law clause, the Court should not enforce the forum-selection clause because he had no bargaining power to negotiate it and because the present case has no ties to Ohio with respect to the IWPCA claims, except for the location of Horizon's headquarters. But a mere lack of bargaining power on the part of one party to a contract does not make a forum-selection clause invalid. Likewise, mere inconvenience to the opposing party is not sufficient to invalidate a forum-selection clause as "unreasonable."

For example, in *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991), the Supreme Court upheld a non-negotiated forum-selection clause in a cruise line's ticket, even though the parties had unequal bargaining power and the selected forum (the state of the cruise line's principal place of business) was inconvenient for plaintiffs who resided in a different state. *Id.* at 593–95. Similarly, Illinois Appellate Courts have upheld forum-selection clauses in agreements between

9

employees and employers, even though those clauses did not designate the state where the employee resided. *See Aon Corp. v. Utley*, 863 N.E.2d 701, 707 (Ill. App. Ct. 2006) (upholding a forum-selection clause in an employee-employer agreement, even though the clause designated the state where the employer was headquartered, not the state where the employee resided and where the employer had an office); *see also Calanca*, 510 N.E.2d at 24 (upholding a forum-selection clause in an employment contract between a salesman and a corporation, even though the designated forum, where the corporation resided, was inconvenient for the salesman, who resided in a different state). And in *IntraSee*, the Ohio Appellate Court upheld a forum-selection clause in an employment agreement, notwithstanding the unequal bargaining power between the parties and the designation of the state of the principal place of business of the employer as the forum and not the state where the employee resided. *IntraSee*, 2012 WL 2236609, at *3 ("[t]he unequal bargaining power of the parties or lack of ability to negotiate over the clause cannot, in itself, support a finding of overreaching;" "[m]ere distance, mere expense, or mere hardship to an individual litigant is insufficient to invalidate a forum[-]selection clause"). While in *Zilbert*, the Ohio Appellate Court noted that it was "not advocating that a forum[-]selection clause in an employment contract should never be enforced, or freely invalidated," and that "mere distance, mere expense, or mere hardship to an individual litigant is insufficient to invalidate a forum selection clause," even though it ultimately struck the forum-selection clause in an employment contract, where the designated a forum was neither employee's nor employer's residence state. *Zilbert*, 2014 WL 1776004, at *4, 5.

Plaintiffs claim that "there is no evidence that Hafez or any of the putative plaintiffs had any sort of bargaining power with respect to the forum[-]selection clause." (Pl.'s Resp. at 11, Dkt. No. 68.) They point to Defendants' statement that the agreement at issue was a "template lease."

(*Id.*) But they do not explain how this results in any sort of overreaching by Defendants. *Cf. Williams v. Ill. State Scholarship Comm'n*, 563 N.E.2d 465, 486 (Ill. 1990) (a forum-selection selection clause had reduced significance because it was in adhesion contracts between a loan program operator and student borrowers).

Plaintiffs' argument that Ohio constitutes an unreasonable forum also fails. Looking at the factors that both Ohio and Illinois courts weigh when determining unreasonableness, this Court cannot conclude that Plaintiffs have met their burden of showing that Hafez's forum-selection clause is invalid. First, the controlling law factor does not weigh in favor of Plaintiffs, as Hafez's agreement has a choice of law provision designating Ohio law. *See Aon Corp.*, 863 N.E.2d at 707 (the factor weighed in favor of the forum designated in the forum-selection clause because the agreement was governed under the choice of law clause by that forum's law); *see also Zilbert*, 2014 WL 1776004, at *5 (the factor did not weigh heavily in favor of one jurisdiction over the other because the defendant would receive the benefit of its choice of law even if the case was not tried in the chosen forum, as other courts could apply the law of the choice-of-law clause). Second, the parties' residency does not weigh heavily in favor of Plaintiffs. (FAC ¶¶ 4, 7–9, Dkt. No. 58 (alleging that Hafez and Defendant Fairbanks reside in Illinois, while Defendant Horizon is headquartered in Ohio (with facilities in Illinois), and Defendant Ferrante is located in Ohio).) Third, while the agreement's place of performance appears to weigh in favor of Plaintiffs, it is unclear that the same could be said for the agreement's execution. (FAC ¶ 4; Ex. A to Mot. to Dismiss at 7, Dkt. No. 64-1 (the agreement was signed by Hafez, who resides in Illinois, and by Horizon's President, who is in Ohio).) Fourth, while Plaintiffs claim that most of the evidence is located in Illinois and that Hafez (and other class members) are in Illinois, Plaintiffs have not

provided any specific physical or financial reason why he cannot travel to or litigate in Ohio, the forum convenient for Defendants.

In sum, Plaintiffs have failed to meet his burden of establishing that Ohio is a gravely inconvenient forum such as to effectively deprive him of a meaningful day in court. *Cf. Zilbert*, 2014 WL 1776004, at \*5 (holding that a forum-selection clause designating the forum where neither party resided was unreasonable). As a result, Plaintiffs' argument that the forum-selection clause in his agreement is unenforceable fails.

**II.     *Atlantic Marine* Factors**

Having concluded that the forum-selection clause in Hafez's agreement is valid, the Court proceeds with the *forum non conveniens* analysis under *Atlantic Marine*. If the Court of Common Pleas of Cuyahoga County, Ohio is an adequate alternative forum, then this Court need only weigh the public interest factors. *Atl. Marine Const. Co.*, 134 S. Ct. at 582. Hafez's choice of forum merits no weight, and the Court deems factors relating to the parties' private interests as weighing entirely in favor of the Ohio court. *See id.* at 581–82.

A forum meets the adequate alternative forum requirement if the forum is both available and adequate. *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 867 (7th Cir. 2015). "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction." *Id.* (internal quotation marks omitted). A forum is adequate when the parties will not be deprived of all remedies or treated unfairly. *Id.* Here, Plaintiffs do not dispute that the Ohio court is an available forum. Rather, Plaintiffs argue that the Ohio court is not an adequate forum because Ohio judges are unfamiliar with the IWPCA and, if Ohio law applies, he would improperly be stripped of rights provided under the IWPCA.

But federal and state courts routinely apply the law of states other than the state in which they sit. *Atlantic Marine*, 134 S. Ct. at 584. Moreover, the fact that Ohio courts might subject Hafez to laws and remedies different or less favorable than those available in Illinois is not alone sufficient to deny enforcement of a forum-selection clause. *Bonny*, 3 F.3d at 162. And the Court is not aware of any other reason why the designated Ohio forum would arguably treat Hafez unfairly or deprive him of remedies. Therefore, Plaintiffs have failed to convince this Court that the designated Ohio forum is inadequate.

Next, as the *Atlantic Marine* Court explained, public factors are rarely decisive and as a result, "forum-selection clauses should control except in unusual cases." *Atl. Marine Const. Co.*, 134 S. Ct. at 582. Nonetheless, Plaintiffs argue that the public interest factors weigh against transfer to an Ohio forum. They stress that Hafez himself—and every putative class member for the IWPCA claim—is tied to Illinois either though citizenship or because the work was substantially performed in the state. Plaintiffs contend that Illinois has a strong interest in enforcing the IWPCA, while Ohio has no interest in application of the statute. But Plaintiffs ignore that Ohio also has an interest in this proceeding, as the majority of Defendants are based there. Hence, in accordance with *Atlantic Marine*, the public factors do not defeat this *forum non conveniens* motion.

Plaintiffs also argue that Defendants' motion should be denied because it seeks an improper and inefficient segregation of claims. Plaintiffs suggest that this is an issue of first impression in this jurisdiction but point to other courts that have addressed similar scenarios. However, this Court finds no reason to deviate from the *Atlantic Marine* analysis. None of the cases cited by Plaintiffs are on point. For example, in *Jon Feingersh Photography, Inc. v. Pearson Education, Inc*., 978 F. Supp. 2d 463, 465 (E.D. Pa. 2013), the plaintiff brought 321 separate

claims against the defendant for copyright infringement relating to photographs in federal court in Pennsylvania. The defendant had various licensing agreements relating to the photographs—some agreements designated Washington as the forum for disputes, some agreements designated New York, and some claims were not covered by any agreements. *Id.* The court denied the defendant's motion to transfer venue to New York, holding that it would be an immense waste of judicial and the parties' resources to litigate the claims in multiple forums in accordance with the conflicting forum-selection clauses. *Id.* at 468. In *Capsource Financial, Inc. v. Moore*, No. CIV. 11-2753 JRT/TNL, 2012 WL 2449935, at *1 (D. Minn. Jun. 27, 2012), another case cited by Plaintiffs, the defendants allegedly interfered with and competed against the plaintiffs' business in violation of several agreements between the parties. Two of the agreements had forum-selection clauses; the clauses designated different forums. *Id.* at *2. The court enforced only one forum-selection clause, holding that enforcing both would result in the parties litigating the same claims in multiple forums. *Id.* *4.

Here, the situation is different. This is not a situation in which multiple claims between the same parties are covered by conflicting forum-selection clauses. Rather, Hafez and Ayyash have different agreements with Horizon, with only Hafez having the forum-selection clause designating Ohio. Moreover, the cases cited by Plaintiffs were decided prior to *Atlantic Marine*, and it is questionable whether they remain good law today. *See Black v. Sprouts Farmers Mkt., Inc.*, No. 15-CV-01297-REB-MJW, 2015 WL 7351511, at *3 (D. Colo. Nov. 19, 2015) (questioning validity of *Jon Feingersh Photography* in the view of *Atlantic Marine*).

Plaintiffs further argue that Defendants have waived their *forum non conveniens* argument by "aggressively" litigating in this Court. Plaintiffs do not elaborate on their intended meaning in using the term "aggressively." Instead, they cite *National Feeds, Inc. v. United Pet Foods*, *Inc.*,

14

118 F. Supp. 3d 972, 973 (N.D. Ohio 2015), in which the defendant litigated the case for three years and engaged in a considerable motion practice before moving to dismiss for lack of personal jurisdiction and venue. *Id.* The court denied the motion. *Id.* at 974. But *National Feeds* is not binding on this Court. Moreover, the case is readily distinguishable from the present situation. The original complaint in this action was filed with only Ayyash as the only plaintiff, and his agreement with Horizon does not have an Ohio forum-selection clause. Defendants could not have raised their challenge to Hafez's claims before he was even included in the complaint. And once the complaint was amended to add Hafez, Defendants timely and diligently pursued their *forum non conveniens* argument. Accordingly, this argument fails as well.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Dkt. No. 64) is granted. Hafez's claims are dismissed without prejudice. Consistent with the forum-selection clause in his agreement with Horizon, he may bring his claims in the Court of Common Pleas of Cuyahoga County, Ohio, if he so desires.

ENTERED:

Dated: November 15, 2018

_____
Andrea R. Wood
United States District Judge